(158 App. Div. 723.)

## EVERALL v. STEVENS et al.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. JUDGMENT (§ 890*)—SATISFACTION—ARREST OF DEBTOR.
    All other remedies against a debtor held in execution are suspended while the imprisonment continues.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1689–1701; Dec. Dig. § 890.*]

2. JUDGMENT (§ 890*)—SATISFACTION—EFFECT OF ARREST OF DEBTOR.
    Where one of two partners was arrested on execution under a judgment against both for a firm debt, all remedies against any property in which the imprisoned debtor had an interest, including partnership property, were suspended during the imprisonment, and the other partner could not be examined in supplementary proceedings even to discover his individual property, since his individual liability would only arise after the partnership assets had been exhausted or proven insufficient.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1689–1701; Dec. Dig. § 890.*]

3. PARTNERSHIP (§ 187*)—LIABILITY OF PARTNERS TO THIRD PERSONS—EXHAUSTING PARTNERSHIP ASSETS.
    The several liability of a partner and the obligation to apply his individual property to the payment of a partnership debt attaches only after the partnership assets have been exhausted or proven insufficient.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 340, 342; Dec. Dig. § 187.*]

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Emma Carus Everall against W. Lewis Stevens and James W. Henning. From an order refusing to vacate an order for his examination in supplementary proceedings, the defendant Henning appeals. Order modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles T. Payne, of New York City, for appellant.
Gerald B. Rosenheim, of New York City, for respondent.

SCOTT, J. This action was begun by the service of the summons and complaint upon the defendant James W. Henning on April 24, 1912. The defendant W. Lewis Stevens voluntarily appeared herein on May 20, 1912. Issue was joined by the service of the answer of said defendants on June 10, 1912. On March 11, 1913, upon the consent of the said defendants, a judgment was entered in favor of the plaintiff and against the said defendants for the sum of $2,234.-88. Execution upon said judgment against the property of said defendants was, on March 28, 1913, issued to the sheriff of the county of New York and was returned unsatisfied by him. Thereafter execution against the person of both defendants was, on April 16, 1913, issued to the sheriff of the county of New York. The defendant W. Lewis Stevens was arrested by the sheriff of the county of New York on April 18, 1913, and has since been in his custody. The defendant James W. Henning was not arrested and is not and has not been in custody.

[1] On April 29, 1913, an order was made for the examination of both defendants in supplementary proceedings. On May 6, 1913, an order to show cause why the aforesaid order should not be vacated was granted. On June 23, 1913, this motion was granted to the extent of vacating the original order for examination with respect to the defendant W. Lewis Stevens, but refusing to vacate it with respect to the defendant James W. Henning and directing that the said Henning appear for examination. From said last-mentioned order the defendant James W. Henning now appeals. The defendants were copartners and are sued as such. The question is whether the arrest upon execution of one of two joint and several judgment debtors suspends all other remedies against both. It is certain, and it is conceded, that as to the debtor held in execution all other remedies are suspended while the imprisonment continues. Koenig v. Steckel, 58 N. Y. 475.

[2] We think that they are also suspended as to all property in which the imprisoned debtor has an interest, as for instance copartnership property, for to permit the creditor to reach copartnership property by proceedings against the debtor not held in execution would in effect authorize proceedings against the imprisoned debtor's property and thus do by indirection what may not be done directly.

[3] It is urged, however, that notwithstanding the imprisoned debtor may not be proceeded against in supplementary proceedings, and assuming that because of his imprisonment such proceedings may not

be prosecuted to discover copartnership property, still the proceedings may be continued for the purpose of discovering the individual property of the nonimprisoned debtor and compelling its application to the payment of the judgment debt for which he is severally as well as jointly liable. This suggestion, however, loses sight of the fact that the several liability of a copartner and the obligation to apply his individual property to the payment of a copartnership debt attach only after the copartnership assets have been exhausted or have proven insufficient to pay the debt. If therefore, for the reasons above stated, recourse cannot be had to the copartnership assets while one copartner is held in execution, the condition cannot arise or be created in which it would be permissible to resort to the individual property of any one of the copartners even if he were not the one held in execution.

The motion to vacate the order for the examination of the defendants should therefore have been vacated in toto, and the order appealed from will be modified accordingly, with $10 costs and disbursements to the appellant. All concur.