HERBERT A. FOGG, in Equity, *vs.* LINWOOD C. TYLER.

. Penobscot County.   Opinion May 4, 1914.

*Bill in Equity.   Commissioners.   Creditors.   Decree.   Equity.   Findings.*
*Insolvency.   Interlocutory Proceedings.   Partnership.   Receivership.*

This petitioner presented his claim to the receiver, but without fault on his
part failed to present said claim before the commissioners appointed by the
Probate Court.
*Held:*

1. The funds of the partnership and the individual funds of the persons
   composing that partnership, subject to the payment of individual debts,
   are all holden as assets for the payment of partnership liabilities.

2. The assets thus existing, whether in the custody and control of the part-
   nership or in the custody and control of the individual, when needed  for
   payment of partnership debts, constitute a joint fund and not separate
   funds.

3. The fact that our statute requires the individual assets of a member of
   the partnership under guardianship to be administered according to certain
   statutory requirements, does not change the joint nature of partnership
   assets when needed to pay partnership debts.

On report.   Decree according to the opinion.

This is an interlocutory proceeding arising from the above entitled
cause, in which C. J. Gilfillan is petitioner and plaintiff in interest.
The cause is in equity and is reported to the Law Court for deter-
mination upon the petition and findings of facts and conclusions by
the sitting Justice, asking that the receiver of the late copartnership
of Tyler, Fogg & Company be directed to pay him, from the funds
in his hands, thirteen hundred twenty-seven dollars and twenty-two
cents, in order that he may receive the same percentage of his claim
that other creditors of the copartnership have received.

The case is stated in the opinion.

*E. C. Ryder,* for petitioner.

*C. H. Bartlett,* pro se.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

PHILBROOK, J.   This is an interlocutory proceeding arising from
the above entitled case in which C. J. Gilfillan is petitioner and is the
plaintiff in interest.   The proceedings are in equity and come to the
Law Court on report for determination upon the petition and upon
the findings of facts and conclusions by the sitting Justice.

The petition is as follows:

1.   That the late copartnership of Tyler, Fogg & Co. consisted of
the above named Linwood C. Tyler and Herbert A. Fogg, the said
Herbert A. Fogg being a person of unsound mind whose estate is
being settled in the Probate Court within and for said county, by
Thomas R. Savage, his guardian.

2.   That between April 11, 1907, and May 25, 1911, the petitioner
made general deposits of money with the late copartnership of Tyler,
Fogg & Co., and that on said 25th day of May, 1911, there was due
the petitioner from said copartnership a balance of twenty-one hun-
dred sixty-one dollars fifty-nine cents ($2161.59) as appears by the
deposit book now in the possession of the petitioner and also by the
books of said late copartnership, which amount is still due the
petitioner.

3.   That the petitioner filed proof of his claim against the firm of
Tyler, Fogg & Co. with Charles H. Bartlett, receiver and the special
master appointed by the court, and received a dividend of five per-
cent of the amount of his claim from the funds in the hands of said
receiver, but filed no proof of his claim with the commissioners
appointed by the Probate Court to pass upon claims against the indi-
vidual estate of Herbert A. Fogg, and, therefore, he has received
no dividend from the estate of said Herbert A. Fogg.

4.   That he employed Leon F. Higgins, of Brewer, in said county
as his agent to look after his interest and do whatever was necessary
to secure his claim against said copartnership or any individual
thereof; that later he was notified that a committee had been selected
by the unsecured creditors, represented by competent local attorneys,
to look after their interest and do whatever was necessary to secure
their claims; that he signed a contract to pay his proportional part
of the expenses of such committee, and that he relied upon said

Higgins and said committee to protect his interest and do whatsoever was necessary to secure his claim.

5. That it was without fault or negligence on his part that he failed to prove his claim against the individual estate of Herbert A. Fogg, having no knowledge that there were funds belonging to the 'individual estate of Herbert A. Fogg, or that commissioners had been appointed to pass upon such claims.

6. That he has received no dividend on account of the individual estate of Herbert A. Fogg; that the only money he has so far received on account of his claim, either from the receiver of the late copartnership or from the guardian of Herbert A. Fogg, is a dividend of five per cent paid by the receiver of said late copartnership.

7. That all the assets belonging to the individual estate of Herbert A. Fogg have been distributed; that all other creditors of said late copartnership have received 66.4 per cent of their claims, while he has received but five per cent of his claim, and that the receiver of said late copartnership has in his possession funds not yet distributed.

Wherefore in as much as the omission to prove his claim with the commissioners appointed to pass upon the claims against the individual estate of Herbert A. Fogg was without fault or negligence on his part, and, in as much as sufficient funds remain in the hands of said receiver to pay the amount equitably due the petitioner, and the payment to him on 61.4 per cent of his claim will not work an injustice to other creditors, he respectfully petitions and prays that this court upon hearing will order and direct said Charles H. Bartlett, receiver as aforesaid, to pay to him the sum of 61.4 per cent of his claim, amounting to $1327.22.

After proper notice to all parties interested there was a hearing upon the petition before a single Justice who made the following findings:

1. The late copartnership of Tyler, Fogg & Co. consisting of Linwood C. Tyler and Herbert A. Fogg, is insolvent and its affairs are in the process of settlement by Charles H. Bartlett, Esq., receiver, appointed by this court.

2. Herbert A. Fogg has been adjudged of unsound mind and his estate has been settled in the Probate Court as an insolvent estate

by Thomas R. Savage, his guardian, under the provisions of chapter sixty-eight, Revised Statutes.

3. The copartnership of Tyler, Fogg & Co. at the time it was adjudicated insolvent, was indebted to the petitioner in the sum of twenty-one hundred sixty-one dollars fifty-nine cents ($2161.59).

4. The petitioner filed proof of his claim with the special master appointed by the court to receive and pass upon claims against the copartnership, who returned as due the petitioner, including interest, twenty-one hundred sixty-six dollars ninety-nine cents ($2166.99).

5. The petitioner filed no proof of his claim with the commissioners appointed by the Probate Court to pass upon claims against the insolvent estate of Herbert A. Fogg, but from evidence presented to me, I find that the omission of the petitioner to present his claim to the commissioners was without fault on his part and that he had a reasonable excuse for omitting to do so.

6. All creditors of the copartnership of Tyler, Fogg & Co., whose claims were seasonably proved, except the petitioner, have received or will receive sixty-six and four-tenths (66.4) per cent of their claims, sixty-one and four-tenths (61.4) per cent from the guardian of Herbert A. Fogg and five (5) per cent from the receiver, while the petitioner has received but five (5) per cent of his claim, paid by the receiver. He has received no dividend from the estate of Herbert A. Fogg.

7. All available assets of the estate of Herbert A. Fogg have been distributed. The claim of the petitioner is barred, not having been presented to the commissioners within the time allowed by statute.

8. All claims are of one class and all are against the copartnership. There are no claims against the individual members of the firm and there are not sufficient assets of the copartnership and of the individual members thereof to pay the claims in full.

9. There remains in the hands of the receiver undistributed sufficient assets to pay the petitioner the amount he would have received, had he filed his claim with the commissioners appointed to pass upon claims against the individual estate of Herbert A. Fogg, in excess of any future charges and expenditures of the receiver and such payment will not interfere with payments already made to

other creditors. And the receiver will then have assets to be distributed to the creditors when hereafter ordered by the court.

To condense the prayer of the petitioner and the findings of the Justice it may be said that the gist of the matter before us is this: The individual assets of Fogg having been administered by the Probate Court, and all paid out to creditors who presented their claims before the commissioners, appointed by that court, this petitioner having failed through no fault of his own to present his claim before those commissioners, shall we now order the receiver to pay to this petitioner the amount which he asks for out of funds in the hands of the receiver before making any further dividends to creditors?

Our attention has not been called to any case adjudicated in our courts or elsewhere which is on a parity with the one under consideration. No exact precedent is before us. We must, therefore, resort to fundamental principles and reason, as well as underlying principles of equity, in reaching our conclusion. It will be conceded without citation of the authorities that when a partnership is formed the property of the partnership, and, subject to individual debts, the property of the several partners, stands as an initial asset for the payment of all debts which the partnership may incur and that after acquired property of partnership or individual continues as such an asset. Ordinarily, therefore, the receiver of a partnership would be under the duty of taking into his custody all partnership assets and all assets of each individual partner which were not required to pay the individual debts of those partners respectively. Assets thus taken into custody would be reduced to cash and, under proper orders of the court, used to pay the expenses of receivership and liquidating claims of creditors against the partnership.

In the case at bar a seeming complication arises from the fact that one of the partners, Herbert A. Fogg, was an insane person under guardianship. R. S., chap. 68, sec. 23, provides that the insolvent estate of an insane person under guardianship is to be settled according to the general provisions of the statute for the settling of insolvent estates of deceased persons. Consequently commissioners were appointed by the Probate Court to hear claims against the estate of Herbert A. Fogg, but this petitioner, through

no fault on his part, failed to present his claim before those com-missioners. Other creditors of the partnership did so present their claims and the aggregate of them being greater than the amount of the individual Fogg estate, that estate was applied pro rata to the payment of claims presented to the commissioners, and the indi-vidual estate of Fogg was thereby exhausted. At this point, it should be observed that the individual estate of Fogg never came into the actual custody of the receiver but was paid out by the guardian of Fogg under the decree of the Probate Court. It has been suggested that the partnership funds in the hands of the receiver and the funds of the estate of Herbert A. Fogg in the hands of his guardian constituted two separate and distinct funds. We cannot endorse this view because, as already stated, his personal estate, subject to payment of individual debts, and there were none in this case, formed part and parcel of an initial and continuing fund which all through the partnership stood as assets for the pay-ment of partnership debts. It is true that under the peculiar cir-cumstances arising in this case, and by virtue of the statute just referred to, it became necessary to have the individual estate of Fogg administered through statutory methods but such administra-tion being a means of distribution did not make his personal estate a separate fund which up to that time was, in law, part and parcel of the partnership assets for the payment of partnership debts. It happened, therefore, that when other creditors presented their claims to the commissioners and this petitioner did not, that those other creditors obtained a larger proportion of partnership assets for the payment of their claims than this petitioner did. But partnership assets applicable to debts of the same class should be distributed equally among creditors of the same class. Still bearing in mind the unity of the partnership assets composed of partner-ship property and individual property, it follows by the rules of receivership, as well as by the rules of equity, that this petitioner should share with other creditors of the same class equally in all the assets applicable to the payment of debts in the class to which this petitioner's debt belonged. Such sharing can only be accom-plished now by directing the receiver to pay to this petitioner the amount prayed for before making a further dividend among cred-itors of the same class to which the petitioner belongs. Thus we

shall preserve the idea of the unity of the different component parts which make up the assets of a copartnership and deal equitably and fairly with all creditors of the same class. So without violation of any principles of law or equity, but rather in harmony with all fundamental principles, we shall do substantial justice and equity by ordering the receiver, before making any further payments or dividends to creditors of the class to which this petitioner belongs, to pay to this petitioner the sum of $1327.22.

*Decree accordingly.*