In the Matter of the Application of JOHN R. ROBERTS, Respondent, for an Order Directing the Sale of Real Property of ABBY A. PARSONS, Deceased, for the Payment of Her Debts.

RAY B. PARSONS, as Administrator, Appellant.

Decedent's estate — proceeding to sell real estate of a decedent to pay his debts — jurisdiction of surrogate to determine, in such proceeding, the validity of claim rejected by the administrator — equitable defenses to proceeding to sell real estate — when real estate of a deceased partner liable for debts of his firm.

1. The rejection by an administrator of a claim against an estate does not deprive the surrogate of jurisdiction to determine its validity in a proceeding by the claimant to sell the intestate's real estate for payment of debts. (*Matter of Haxtun*, 102 N. Y. 157, followed.)

2. In a proceeding to sell the real estate of a decedent to pay his debts, the existence of an equitable defense on behalf of his heirs

at law may not be disregarded on the ground that the Surrogate's Court has no jurisdiction in equity. To bar the proceeding, however, the equitable defense must be one which is available against the claimant. The right on the part of the administrator to bring a suit in equity attacking the title of a third party to alleged assets of the decedent does not constitute such a defense.

3. Joint liabilities should be paid from joint property, if possible, and not until that remedy is exhausted, or resort thereto shown to be useless, can payment from the individual property be exacted, but where the proof and findings negative the existence of any firm assets, the real estate of the deceased partner may be sold for the payment of the firm debts.

*Matter of Roberts*, 162 App. Div. 922, affirmed.

(Submitted February 25, 1915; decided March 23, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 4, 1914, which affirmed a decree of the Herkimer County Surrogate's Court directing the sale of real property of Abby A. Parsons, deceased, for the purpose of paying her debts and funeral expenses.

The facts, so far as material, are stated in the opinion.

*William J. Gardinier* for appellant. Under the provisions of the Code of Civil Procedure then in force this petitioner, John R. Roberts, being the holder of a disputed and rejected claim, could not compel a sale of decedent's real estate until claimant's standing as a creditor had been established in some other action or proceeding. (*Matter of Pirie*, 133 App. Div. 433; *Merchant* v. *Merchant*, 53 Hun, 638; *Matter of Rider*, 68 Misc. Rep. 270.) The trial of a rejected claim by the surrogate is not necessary or incidental to a proceeding to sell decedent's real estate for the payment of debts. (*Matter of McDonald*, 211 N. Y. 272; *Matter of Martin*, 211 N. Y. 328; *McNulty* v. *Hurd*, 72 N. Y. 518; Code Civ. Pro. § 1822; *Clark* v. *Scovill*, 191 N. Y. 8; *Bankers' Surety Co.* v. *Myers*, 146 App. Div. 867.) Should this court hold that the surrogate did have the jurisdictional power to pass upon peti-

tioner's claim, then it would seem that it must likewise decide that such jurisdiction extended to all sides of the controversy, so as to enable it to do exact justice. (*Matter of Haxtun,* 102 N. Y. 160; *Matter of Archer,* 77 Misc. Rep. 288; *Matter of Wagner,* 119 N. Y. 28; *Matter of Peck,* 206 N. Y. 55.) If it be determined that there is copartnership personal property on hand, applicable to the payment of said indebtedness, then this proceeding must necessarily fail of itself, because one of the requirements for a decree herein is proof of the insufficiency of personalty. (Code Civ. Pro. § 2759; *Kingsland* v. *Murray,* 133 N. Y. 170; *Platt* v. *Platt,* 105 N. Y. 497; *Olyphant* v. *Phyfe,* 48 App. Div. 1.)

*Romeyn Wormuth* and *D. H. O'Brien* for respondent. The Surrogate's Court has jurisdiction to determine the validity of a claim of a creditor in a proceeding instituted by the creditor to dispose of the real estate of a decedent, whether such claim has been rejected by the estate or not. (*Matter of Haxtun,* 102 N. Y. 157; *Matter of Pirie,* 133 App. Div. 433; 198 N. Y. 209; *Matter of Eychner,* 65 Misc. Rep. 87; *Matter of Rider,* 68 Misc. Rep. 271; *Turner* v. *Amsdell,* 3 Dem. 19; Heaton on Surrogates' Courts [3d ed.], 1247, § 250.) The estate of a person jointly liable upon contract with others is not discharged by his death, and an action may be brought against his personal representatives by alleging and proving that the debt cannot be collected from the surviving joint debtor. (Code Civ. Pro. § 758; *Potts* v. *Dounce,* 173 N. Y. 335; *Barnes* v. *Brown,* 130 N. Y. 372; *Norment* v. *Wittman,* 157 App. Div. 708; *Seligman* v. *Friedlander,* 199 N. Y. 372; *Leggat* v. *Leggat,* 79 App. Div. 141; 176 N. Y. 590.) John E. Roberts, as sole surviving partner of the firm of Parsons & Roberts, was the legal owner of the assets of said firm, subject to an accounting with the personal representatives of Abby A. Parsons, deceased, and had a right to prefer creditors and to sell and transfer the

property of said firm. (*Costello* v. *Costello,* 209 N. Y. 252; *Nehrboss* v. *Bliss,* 88 N. Y. 600; *Reinhardt* v. *Reinhardt,* 134 App. Div. 440; *Williams* v. *Whedon,* 109 N. Y. 333; *Dillenbeck* v. *Digert,* 97 N. Y. 303; *Bank of Monongahela* v. *Western,* 159 N. Y. 211.) The Surrogate's Court has only such jurisdiction and powers as have been specially conferred by statute. (*Matter of Martin,* 211 N. Y. 328.)

WILLARD BARTLETT, Ch. J.   From 1899 to 1904 one Riley Parsons, the husband of Abby A. Parsons, and John E. Roberts were copartners at Old Forge in Herkimer county where they carried on the business of boat building under the firm name of Parsons & Roberts. In February, 1903, the father of John E. Roberts loaned the firm $1,200, having previously advanced $300 to the copartnership, making a total loan of $1,500, all of which was actually used in the building and equipment of the firm's boat shop and in payment for machinery used in the business. The firm thereupon executed to the lender on February 18, 1903, a promissory note for $1,500, payable six months after date. In September, 1904, Riley Parsons, one of the partners, died and his widow, Abby A. Parsons, took his place as a partner in the firm, succeeding to the share and interest of her husband therein. On February 18, 1906, the following note was substituted in place of the original:

" $1,500          OLD FORGE, NEW YORK, *Feb.* 18, 1906.

" Three months after date we promise to pay to the order of John R. Roberts, Fifteen Hundred and no/100 Dollars, at ———, for value received with interest.

" [Signed]     J. EATON ROBERTS.
" ABBY A. PARSONS."

This note is the basis of the claim in controversy. The payee, John R. Roberts, is the father of J. Eaton Roberts, one of the makers.

1915.]      Opinion, per WILLARD BARTLETT, Ch. J.    [214 N. Y.]

Abby A. Parsons died intestate on May 30th, 1908, leaving personal property not exceeding one hundred dollars in value and two parcels of real estate, situated in the town of Webb, in Herkimer county.   Her partner, J. Eaton Roberts, the other maker of the note, is also dead; and John R. Roberts, his father and the payee of the note, instituted this proceeding before the surrogate of Herkimer county upon a petition setting out the execution and delivery of the note and the death of the makers, and alleging that the personal estate of Abby A. Parsons was inadequate to pay the indebtedness represented by the note.   He, therefore, prayed for a decree directing the sale of so much of the decedent's real property as might be necessary for the payment of her debts and funeral expenses, according to the practice then provided for in title 5 of chapter 18 of the Code of Civil Procedure (Sections 2749 to 2801a, inclusive).   The procedure in Surrogates' Courts has been extensively changed by the revision of that portion of the Code relating thereto in 1914; but there is no amendment affecting the present proceeding, which must be determined according to the provisions of the statute as they existed prior to the first day of September, 1914, when the revision of that year took effect.

Ray B. Parsons, a son and heir at law of the decedent, and also administrator of her estate, appeared in behalf of himself and three other children and heirs at law, and interposed a defense, the substance of which was that inasmuch as the note was given wholly in the partnership business, and the proceeds thereof wholly used therein, and inasmuch as there were sufficient assets of the copartnership to satisfy the petitioner's claim upon the note, he should exhaust his remedies against the firm property before being permitted to resort to the real estate of the decedent for the payment of his debt.   It appeared that the claim upon the note had been duly and seasonably rejected by the administrator, who insisted

that his rejection deprived the surrogate of jurisdiction to entertain this proceeding until the claimant's standing as a creditor had been elsewhere established.

In the memorandum filed by the surrogate this last objection is first considered. The surrogate says it would seem the rule should be that a claim on contract like this ought to be established by a trial but that the authorities appeared to sustain the proposition that it could be established in the first instance before the surrogate in a statutory proceeding to sell the real estate of the decedent. He, therefore, reluctantly followed the precedents to this effect. As to the equities which might exist between the decedent's estate and the estate of her partner, he said he was unable to find evidence upon which those equities could be enforced against the claimant. He, therefore, allowed the claim and made the decree of sale which has been affirmed by the Appellate Division.

The Appellate Division wrote no opinion, but undertook to state the proposition of law upon which it acted in the body of the order of affirmance, from which I quote:

"Held: That assuming appellants to have an equitable right to require the joint property of the makers of the claimant's note to be first applied toward the payment of the joint debt of the makers of the note before resort is had to the individual property of the joint makers, still such relief can only be had in a court having equitable jurisdiction. This the surrogate did not have. Appellant's remedy, if any, is by an equitable action."

The learned surrogate was clearly right in holding that he had jurisdiction notwithstanding the fact that the claim had been absolutely rejected by the administrator. (*Matter of Haxtun*, 102 N. Y. 157.) On the other hand, it is clear that the defense was one which the heirs were entitled to set up. The Code of Civil Procedure provided (former section 2755) that an heir or devisee might interpose any defense to the whole or any part of a debt due or unpaid represented as existing against the dece-

dent. This permitted the interposition of an equitable as well as a legal defense. The findings made by the surrogate at the request of the appellant show the note in question was a partnership note given to secure the repayment of money loaned to the partnership and used in the partnership business. The appellant, therefore, invoked the application of the rule that payment cannot be compelled out of the individual estate of one partner until it is made to appear that the debt cannot be collected out of the joint property or that the estate of the other partner is insolvent. "The fundamental principle upon which the partnership relation is founded is that of a joint adventure, with joint ownership of assets and only joint liability for debts, unless the property held jointly is insufficient to pay the firm debts, or it appears that there can be no effective remedy without resort to individual property." (*Seligman* v. *Friedlander*, 199 N. Y. 373, 376, and cases there cited.) After thus stating the rule, Judge VANN added that for time out of mind it had been the theory of the law that the joint liabilities should be paid from the joint property, if possible, and not until that remedy was exhausted, or resort thereto shown to be useless, could payment from the individual property be exacted.

Accordingly, if the administratrix had proved that there remained property of the firm of Parsons & Roberts applicable to the payment of the copartnership debts, including this note in controversy, it would have been the duty of the surrogate to dismiss the present proceeding, or stay the same until the determination of an action to compel payment of the note out of such firm assets. (See *Matter of Randall*, 152 N. Y. 508, 520.) The proof, however, negatived the existence of any firm assets and so do the findings of the surrogate. As has already been pointed out, Abby A. Parsons died before John E. Roberts. After her death John E. Roberts, the surviving partner, continued in the occupation and

management of the boat-shop business and property down to the time of his death, which occurred on June 25th, 1910. There was no formal partnership accounting or settlement of the affairs of the firm, but after the death of Mrs. Parsons writings were executed by her heirs at law and next of .kin and delivered to John E. Roberts, the surviving partner, purporting to convey to him their right and interest in and to the partnership property, whereby he on the other hand assumed and agreed to pay the debts and obligations of the firm, including the $1,500 indebtedness represented by the note to his father. Subsequently, however, and by deeds executed in 1909 and 1910, and a bill of sale dated in 1910, John E. Roberts, the surviving partner, assumed to convey the boat shop and its contents to one Frank J. C. Steber, who was the cashier of a national bank. John E. Roberts died insolvent and wholly unable to pay his debts. Although the surrogate found that no money consideration passed from Mr. Steber at the time of the execution and delivery of the deeds and bill of sale, he refused to find that Mr. Steber was not a *bona fide* purchaser or holder of said partnership real and personal property for value, and the testimony indicates that the true consideration for the transfer was lumber previously purchased by Mr. Steber and furnished from time to time to John E. Roberts for use in the boat-building business.

Mr. Steber is in nowise a party to the present proceeding. He has acquired the legal title to the partnership assets. No firm property remains applicable to the payment of the petitioner's claim and the estate of the other partner is insolvent. The possibility that the transfer to Mr. Steber may hereafter be invalidated by means of a suit in equity instituted for that purpose is not a sufficient reason for denying relief to the petitioner. If this proceeding results in a liquidation of the note the parties whose lands are sold will be entitled to recover the amount thereof out of any property which may hereafter

be adjudicated to be assets of the partnership, and will thus be protected against loss.

It is because of the erroneous inference which might be drawn from the phraseology of the order of the Appellate Division that this opinion has been written. It implies, if it does not assert, that in a proceeding to sell the real estate of a decedent to pay the debts the existence of an equitable defense may be wholly disregarded because the Surrogate's Court has no jurisdiction in equity. Such is not the law. To bar the proceeding, however, the equitable defense must be one which is available against the claimant. Here there would have been such a defense if the existence of available firm assets had been proved; but on the contrary the evidence was that the legal title to these had passed to a third party. The right on the part of the administrator to bring a suit in equity attacking the title of that third party does not constitute a defense against this claimant, who is not shown to have had anything to do with the transfer. Hence the order below was right, although the reasons assigned for making it may be misleading.

The courts cannot insist too strongly upon accurate practice in cases of this character. "The title to real estate upon the death of the owner vests immediately in his heirs and devisees, and at common law they took it free from his general debts. It can be taken for the payment of debts now only by virtue of statutes, and the statutory provisions must be strictly pursued in order to justify its sale." (*Kingsland* v. *Murray*, 133 N. Y. 170, 174.)

The order appealed from should be affirmed, with costs.

HISCOCK, CHASE, COLLIN, MILLER, CARDOZO and SEABURY, JJ., concur.

Order affirmed.