### BEAVER BOARD COMPANIES v. IMBRIE et al.

### In re BROKAW.

(District Court, S. D. New York. August 15, 1921.)

No. 297.

Partnership ⊙⟶210—Suit against individual members of partnership in hands of receiver not permitted.

Since partnership receivers, under the New York Partnership Law, may collect from the individual members, and such funds, when received, constitute part of the receiver's estate, leave to join the individual members in a common-law action against the partnership, being an interference with the receiver's effort to conserve the assets and distribute them equally among the creditors, will not be granted; such refusal not preventing plaintiff from later recovering against them after the receivership has terminated.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Beaver Board Companies against James Imbrie and others, copartners doing business as Imbrie & Co. Petition by George T. Brokaw for leave to join individual defendants denied.

See, also, 275 Fed. 431.

Zalkin & Cohen, of New York City, for receivers.
Rabenold & Scribner, of New York City, for defendants.
Barber & Gibboney, of New York City, for petitioner.

MANTON, Circuit Judge. This application must be denied. To grant leave to sue the defendants in a common-law action and join with them the individual defendants is contrary to the practice which prevails. Indeed, it might frustrate the object of this action in equity to conserve the assets of the firm of Imbrie & Co. Under the New York Partnership Law (Consol. Laws, c. 39), the receivers have the right to collect from the individual members of Imbrie & Co. and such funds, when received, would constitute part of the estate of the receivers. In pursuing this effort to obtain funds from the individuals, it may be that all the personal property the individuals have (other than the copartnership property) might be required to satisfy the claims of the receivers. If a suit were permitted against individual defendants, this would be an interference with an effort of the receivers to conserve the assets of the firm and distribute them equally among the creditors. Refusing to permit Brokaw to sue now would not prevent him from later recovering against the individuals if he is entitled to. This must take place after the receivership has terminated.

Motion denied.