FIRST NATIONAL BANK & TRUST CO. *v.* STORMS.

1. BANKS AND BANKING—PRIVATE BANK MEMBERS—STATUTORY LIABILITY—AGREEMENTS TO RESTRICT.

Statutory liability imposed upon members of private banking association organized under 2 Comp. Laws 1929, §§ 9710–9716, is that of partners and cannot be restricted by agreements entered into between the members.

2. SAME—RECEIVER—CUSTODY OF ASSETS.

Receiver of insolvent association, formed under 2 Comp. Laws 1929, §§ 9710–9716, is required to take into custody all assets of the association and such property of individual members, except that required to pay individual debts, as is necessary to satisfy association's debts.

3. SAME — EQUITY — JURISDICTION — ACCOUNTING — MULTIPLICITY OF SUITS.

Equity has jurisdiction of suit wherein determination is sought as to liability of association on creditors' claims against private bank, liability of members to association and right to contribution, not only because suit is in nature of accounting but to avoid multiplicity of suits.

4. SAME—RECEIVERS—APPOINTMENT.

Appointment of receivers in suit for accounting, settlement of partnership affairs and winding up its business is essential to the object sought in such suit and incidental to power of the court having jurisdiction.

5. SAME—RECEIVERS—PARTIES.

Receiver is necessary party to bring action against members of association conducting private banking business where court has determined that the firm assets would be insufficient to meet its liabilities.

6. SAME—DEPOSITORS—PRIVATE BANK MEMBERS—STATUTORY LIABILITY.

Depositors in insolvent banks, being entitled to prompt repayment, may enforce payment by those personally liable and need not wait for liquidation of slow assets.

7. SAME—RECOVERY BY RECEIVER—DEFICIENCY.

Recovery by receiver of insolvent private banking association in action against members need not be limited to exact amount of apparent deficiency as excess will be ratably returned.

8. APPEAL AND ERROR—TRANSFER OF INTEREST IN PRIVATE BANKING ASSOCIATION—EVIDENCE.

Finding of court that transfer of interest of certain members in private banking association had not been made is affirmed on appeal where evidence is conflicting.

9. BANKS AND BANKING—LIABILITY UNDER ORIGINAL ARTICLES OF ASSOCIATION OF PRIVATE BANK.

Liability of original subscribers to articles of association of private banking organization under 2 Comp. Laws 1929, § 9711, continues where no new or subsequent certificate was filed with county clerk notwithstanding claimed transfer of interest.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 13, 1933. (Docket No. 54, Calendar No. 37,387.) Decided December 19, 1933.

Bill by First National Bank & Trust Company in Pontiac, receiver of Peoples Bank of Walled Lake, Unincorporated, against Benjamin E. Storms and others to enforce statutory liability as members of private banking association under 2 Comp. Laws 1929, §§ 9710–9716.   Decree for plaintiff except as to defendant Nook.   Plaintiff and defendants appeal.   Affirmed.

*Pelton & McGee,* for plaintiff.

*Harold E. Howlett,* for defendant Buffmyer.

*A. L. Moore,* for defendant Dickie.

*Patterson & Patterson,* for defendants Storms, Hogle, Roach, Richardson, Carnes, Bachelor, Bicking, Post, and Parmenter.

*Goodloe H. Rogers,* for defendant Nook.

*Wilkinson, Lowther & O'Connell,* for intervening depositors.

NORTH, J.   Acting under 2 Comp. Laws 1929, §§ 9710–9716, defendants organized an unincorporated association and conducted a private banking business.   After operating eight or nine years the bank became insolvent.   September 27, 1930, plaintiff, on petition of a majority of association's trustees, was appointed receiver.   Some months later, it being made to appear to the court that the bank's assets were insufficient to meet its liabilities to the extent of many thousand dollars, the receiver was directed by the court to file a bill in equity against the members of the association to collect from them "an amount sufficient to liquidate the ob-

ligations'' of the bank, then estimated at $65,000. The receiver filed such a bill and defendants made answer thereto. The case was heard and the court decreed:

"That the plaintiff is entitled to recover from the defendants the sum of $70,000 as hereinafter set out, and that for the payment of said sum of $70,000 the defendants hereinafter named are liable as partners for the payment to the plaintiff, or its successor, of the sums set opposite their respective names, but that the personal liability of each of said defendants is limited to the amounts so set out."

Liability to the extent of $70,000 was decreed as to each of appellants excepting the following: Mittie E. Bachelor, $47,985; Albert R. Richardson, $33,361; Glen Buffmyer and Ira S. Carnes, each $27,462. As to Mr. Frank Nook, who was joined as a party defendant by order of the court, the bill was dismissed. From the decree so entered this appeal has been taken.

Appellants assert that the receiver is not a proper party plaintiff and that the chancery court is without jurisdiction. Neither contention can be sustained. Liability of the members of this association is fixed by statute. Section 1 of the act (2 Comp. Laws 1929, § 9710) requires, among other things, the filing of a certificate with the county clerk setting forth the full name of every person composing the firm. Section 2 reads:

"In case there shall be, at any time after the making and filing of said certificate, any change in the name or style of said firm, or in the terms of their partnership, then a new certificate, verified as before specified, shall in like manner be filed, as required by section one of this act, before such change shall take effect; and until such new certificate shall

have been made and filed, as above specified, the individual member or members of the firm, as set forth in the certificate on file, shall be held to be the actual members of the firm, and in all respects holden and liable for any obligation, debt or liability, incurred by the said company, as brokers or exchange dealers." 2 Comp. Laws 1929, § 9711.

The liability imposed by the foregoing statute is that of a partner. As to creditors of the association this statutory liability cannot be restricted by agreements entered into between the members of the association. *Tierney* v. *McKay,* 232 Mich. 609. When, as here, they expressly organize themselves for the purpose of doing business under this statute, the members of the association thereby bind themselves by the provisions of the statute and assume the liabilities imposed by it. The right of the court to appoint a receiver is not here challenged, nor could it be. Having been appointed, it was the receiver's duty to take over the assets of the association. When required to satisfy the obligations of the association, the property of its respective members (unless needed for payment of personal debts) becomes part of the assets of the association.

"A receiver (of a partnership) has been held to be under the duty of taking into his custody all assets of each individual partner not required to pay the partners' individual debts." 47 C. J. p. 984.

"It will be conceded without citation of the authorities that when a partnership is formed the property of the partnership, and, subject to individual debts, the property of the several partners, stands as an initial asset for the payment of all debts which the partnership may incur, and that after-acquired property of partnership or individual continues as such an asset. Ordinarily, therefore, the

receiver of a partnership would be under the duty of taking into his custody all partnership assets and all assets of each individual partner which were not required to pay the individual debts of those partners respectively. Assets thus taken into custody would be reduced to cash, and, under proper orders of the court, used to pay the expenses of receivership and liquidating claims of creditors against the partnership." *Fogg* v. *Tyler,* 111 Me. 546 (90 Atl. 481, 7 A. L. R. 986).

Creditors have filed in these proceedings approximately 700 claims totaling in excess of $129,000. Before decree herein a dividend of 25 per cent. had been paid. Remaining assets in the hands of the bank, eliminating those which the court found to be slow and of questionable character, amounted to approximately $29,000. Incident to the discharge of its trust the receiver had advanced upwards of $1,700. These facts justified the court in determining that substantially $70,000 of the bank's liabilities must be met by the members of the association. The members had the right in these proceedings to have a determination, at least approximately, of the bank's liabilities. Also, if they were made parties, the liability of any and all persons who were claimed to be members of this association could be determined in these proceedings, and, ultimately, contribution decreed as provided in the articles of association. If proper parties were brought in, the validity of any claim asserted against the bank could be adjudicated herein. Indeed, without the consent of the court, claims against the bank in the hands of the receiver could not be adjudicated in any other court. The total of claims against the bank bears materially upon the amount of liability of the members of this association. These and many

other phases of these proceedings disclose that the whole matter is in the nature of an accounting and subject to equity jurisdiction. The equitable remedy is also peculiarly applicable in that it avoids a multiplicity of suits. This is of particular importance in the instant case in which hundreds of claims have been filed against this insolvent bank. Obviously the receiver was the only person who could properly prosecute these proceedings in chancery. He was the proper party plaintiff and the equity court the proper forum.

"The appointment of receivers in actions between partners for an accounting and a settlement of their partnership affairs, to take charge of the assets, collect the debts and wind up the business of the firm, is a legitimate exercise of the jurisdiction of courts of equity, and one which is clearly sustained by the authorities. And the power of thus appointing a receiver in an action for the dissolution of a partnership and the settlement of the firm business, is regarded as essential to the object sought by such suit, and falls within that class of incidental powers which the courts having jurisdiction over such cases have full authority to exercise." High on Receivers (4th Ed.), § 472.

"Where creditors filed their claims in a proceeding to wind up a partnership, the court of equity, which necessarily determines the validity and extent of the claims for the purpose of devoting any partnership assets to the payment thereof before distribution, will not remit claimants to another tribunal for full relief, if the partnership assets are deficient, but will give personal judgment against the partners for the deficiency." *Lackner* v. *McKechney* (syllabus), 164 C. C. A. 327 (252 Fed. 403).

Before authorizing the receiver to proceed against the individual members of the association, the cir-

cuit judge determined that the firm assets would be insufficient to meet its liabilities by approximately $70,000. Insufficiency of firm assets having been determined, suit by the receiver was proper. *Everall* v. *Stevens,* 158 App. Div. 723 (143 N. Y. Supp. 874); *In re Roberts,* 214 N. Y. 369 (108 N. E. 562); *Anderson* v. *Stayton State Bank,* 82 Ore. 357 (159 Pac. 1033); *Torbe* v. *Strauss,* 155 Wis. 518, 528 (144 N. W. 184, 1136); *Beaver Boards Companies* v. *Imbrie,* 275 Fed. 437. While the facts involved are different, the attitude of this court relative to appointing a receiver in partnership matters is indicated by our decision sustaining such appointment in *Dolenga* v. *Lipka,* 224 Mich. 276. Appellants' contention that, under the circumstances presented by this record, the receiver could not bring this suit and that equity did not have jurisdiction cannot be sustained.

These proceedings in equity were not prematurely instituted. Appellants' claim to the contrary is based on provisions contained in the articles of association entered into by its members. It is therein provided that depositors in this bank shall in the first instance look to the funds and property in the hands of the association's trustees for payment, and that the trustees in conducting the association's business have no power to bind its members personally except as provided in the articles of association. As hereinbefore stated, the members of this association organized themselves and proceeded to transact a banking business under the provisions of the statute hereinbefore cited, and having done so they are subject to the liabilities imposed by the statute. They could no more limit their personal liability by an agreement *inter se* in the manner above noted than they could repeal or obviate by their agreement the provision of the statute

making each of them personally liable for "any obligation, debt or liability" of the association. While procedure in a case of this character is not governed by statutory provisions relating to State or national banks, the reasoning underlying decisions enforcing stockholders' liability under such statutes is in a large degree applicable here, especially as to the time of enforcement. Depositors in banks are entitled to prompt repayment. If the bank becomes insolvent they need not wait during the long period usually necessary to liquidation of slow assets before enforcing payment by those who, under the law, become personally liable.

"The liability of the stockholders is fixed by statute. It is not a mere collateral undertaking. When the bank became insolvent, and closed its doors, the depositors were entitled to an immediate payment of their money; and, when it was shown that the assets were insufficient to pay them, it became the duty of the stockholders to pay the necessary amount, not exceeding the par value of the stock, to meet the demand." *Foster* v. *Row,* 120 Mich. 1 (77 Am. St. Rep. 565).

See, also, *Bushnell* v. *Leland,* 164 U. S. 684 (17 Sup. Ct. 209).

And the amount collected need not be limited to the exact amount of the apparent deficiency. If there is an excess it will be ratably returned to those from whom it was received. It was expressly so provided in the order of the court directing prosecution of these proceedings.

Appellants challenge the constitutionality of 2 Comp. Laws 1929, § 9711; and they also assert that decreeing liability to the amount of $70,000 was arbitrary and not justified by the testimony. These and other questions bearing upon the general right of the receiver to recover have been considered and found to be without merit.

Appellants Marley S. Bachelor, Mittie E. Bachelor and Herbert G. Roach assert that they should have been decreed free from liability as members of the association because they had disposed of their respective interests in the association prior to the receivership. Under a provision in their articles of agreement, there were issued to its members certificates evidencing the interest each held in the association. These articles further provide:

"The interests of said subscribers in said business may be transferred by an assignment thereof in writing filed with the secretary of said board of trustees and upon such assignment being so filed, the interest of the assignor shall cease and the rights of the assignee shall vest the same as though he were an original subscriber hereto."

On the face of each certificate it is provided that the holder's interest in the association is "transferable only on the books of this organization." These three appellants assert that their respective interests in the association had been transferred to Frank S. Nook prior to the receivership. Nook denied this. There was no transfer entered on the books of the association. An issue of fact was presented. The testimony was conflicting. The trial judge found there was no transfer. ˙We think determination of the issue of fact was correct. But entirely aside from this, both Mr. Bachelor and Mr. Roach must be held liable as a matter of law. They were original members of the association and so listed in the certificate filed with the county clerk. A new or subsequent certificate of the association's membership was not filed. Hence, under section 9711, above quoted, liability of these original subscribers continued. For this reason others of the appellants than those just above named who were parties to

the original certificate must also be held liable as a matter of law. As to liability of both original and subsequent members see *Wright* v. *Weimeister,* 87 Mich. 594; *Power* v. *Brigham,* 237 Mich. 172.

Decree affirmed. Costs to appellees.

McDonald, C. J., and Weadock, Potter, Fead, Wiest, and Butzel, JJ., concurred with North, J.

Weadock, J. (*concurring*). On November 14, 1921, some 20 individuals formed an association for the purpose of engaging in business as brokers and exchange dealers under the name of the Peoples Bank of Walled Lake, Unincorporated, under the provisions of Act No. 160, Pub. Acts 1859, 2 Comp. Laws 1929, §§ 9710-9716. The association carried on a general banking business for a number of years under the direction of a board of trustees. The association was capitalized at $10,000, divided into 100 shares of $100 par value each, all of which was paid in.

On September 27, 1930, plaintiff was appointed receiver. On May 26, 1931, the receiver filed its petition, showing the assets of the company were insufficient to pay claims of depositors by approximately the amount of $59,000, and praying the court to determine the stockholders liable to assessment and authorizing the receiver to institute suit to collect. The personnel of the stock membership had substantially changed before receivership. The stock register was incomplete. There had been assignments of certificates of stock in accordance with the articles of association but no new certificate was filed as provided by 2 Comp. Laws 1929, § 9711. On August 6, 1931, plaintiff, by order of the circuit court, was ordered to bring action in chancery to re-

cover from the members, or so-called stockholders, of the Peoples Bank of Walled Lake, an amount sufficient to liquidate the obligations of the company, estimated at $65,000.

On February 1, 1933, the circuit judge entered a decree in favor of the plaintiff, directing payment by defendants of the sum of $70,000 within 30 days. Defendants have appealed.

The statute above quoted provides for filing with the county clerk a certificate in writing to be signed by each and verified by one and makes the parties associating liable as partners so that each one is liable for all the debts of the partnership, but if one pays more than his share he has the right of contribution against the others and there will be but one recovery of the full amount due to the creditors.

The contention is made by defendants that the parties could not be sued collectively and the action was premature.

They were sued collectively to avoid a multiplicity of suits and the suit was not premature because the liability had been ascertained.

The circuit judge filed an able opinion and his decree is affirmed, with costs.

POTTER, SHARPE, and FEAD, JJ., concurred with WEADOCK, J.