HARVEY BROKERAGE CO., Inc., v. AMBASSADOR HOTEL CORPORATION.

CENTRAL HANOVER BANK & TRUST CO. v. AMBASSADOR HOTEL CORPORATION et al.

District Court, S. D. New York.

April 6, 1934.

Larkin, Rathbone & Perry, of New York City (Hovey C. Clark, of New York City, of counsel), for Central Hanover Bank & Trust Co.

Samuel Hoffman, of New York City, for Jennie Wiand.

Dawes, Abbott & Littlefield, of New York City (Charles W. Littlefield, of New York City, of counsel), for receivers.

Rosenberg, Goldmark & Colin, of New York City, for Bondholders' Committee.

Lorenz & Lorenz, of New York City (Joseph Lorenz, of New York City, of counsel), for Ambassador Hotel Corporation.

Charles Braunhut, of New York City, representing minority bondholders' interest.

WOOLSEY, District Judge.

This motion is granted to the extent that an order may issue enjoining and restraining Jennie Wiand, all others in whose behalf or for whose benefit she purports to act, her attorney or attorneys, and each and all of them, from continuing the prosecution of a suit heretofore brought by her in the New York Supreme Court for New York County entitled "JENNIE WIAND (suing on behalf of herself and all other bondholders and trust beneficiaries, similarly situated, with respect to an Indenture of Trust dated on or about the 15th day of June, 1927, whereunder the Ambassador Hotel Corporation was the obligor and the Central Hanover Bank & Trust Company is now acting as Trustee) Plaintiff, against CENTRAL HANOVER BANK & TRUST COMPANY, Defendant," until the suit in this court, of which the title is given in the caption hereof and which is No. 64—142 on the equity docket of this court, and the receivership of the property of the Ambassador Hotel Corporation mortgaged under the said indenture of June 15, 1927, shall have been finally terminated.

I. In the state court proceeding against which the petition of the Central Hanover Bank & Trust Company asks an injunction, Jennie Wiand brings a representative suit on behalf of herself and other bondholders of bonds of the Ambassador Hotel Corporation against the Central Hanover Bank & Trust Company, one of the plaintiffs in the above-entitled action, Equity No. 64—142, alleging a right to an accounting from the Central Hanover Bank & Trust Company, and prays as the remedy sought the following:

"(a) That the Central Hanover Bank & Trust Company account for its management of the property described in the trust indenture and that such accounting be had before a Referee and that a proper interlocutory judgment enter to such effect.

"(b) That any and all income of the trust properties, not necessary for the upkeep of the trust property, be distributed equitably, among plaintiff, and all other bondholders and that an interlocutory judgment to said effect be entered.

"(c) That the trustee be directed forthwith to expeditiously account in the premises and take such steps as is necessary to protect the interests of bondholders and to cause the removal of the receivers in foreclosure and in equity from the mortgaged premises de-

346

scribed in the indenture and referred to in this complaint.

"(d) That plaintiff have such other and further relief in the premises as to the court may be deemed just and proper in the premises."

This suit impinges directly on a suit in equity and a receivership created thereunder which has been pending for some time in this court. It amounts, in effect, to a collateral attack on that receivership.

II. The instant motion has been fully briefed and argued and I have given it specially careful consideration because of the nature of the relief sought.

There does not seem to be any question whatever that this court has a right to issue a protective injunction under such circumstances in order to prevent the impairment of its jurisdiction and its acts and its authority and to preserve from interference any relief by sale or otherwise which may be given under its orders and decrees herein.

Although the facts were somewhat different, the same principle was involved on an application for a protective injunction which I granted in the case of Guaranty Trust Company of New York v. Broadway & Seventh Avenue R. Co. (D. C.) 43 F.(2d) 130.

I find that the suit in the state court here involved is an attempt at a more serious interference with the orderly procedure of this court than was the suit for money due on unpaid coupons which was involved in the case just cited. For here the relief asked seeks to interfere with interlocutory equitable remedies which this court has granted, and to prevent or at least hamper a plaintiff in pursuing those remedies in a cause of which this court has jurisdiction.

It seems to me there is not any question but that this court has jurisdiction to protect its litigants against such improper interference. Additional authorities supporting the jurisdiction here exercised are found in the cases of Beaver Board Companies v. Imbrie (D. C.) 275 F. 437, 438, and Swift v. Black Panther Oil & Gas Co., 244 F. 20, 29 (C. C. A. 8).

III. As this is a protective injunction, it is not necessary that the petitioner should file a bond under title 28 United States Code, § 382 (28 USCA § 382). Guaranty Trust Company of New York v. Broadway & Seventh Avenue R. Co. (D. C.) 43 F.(2d) 130, 134; Swift v. Black Panther Oil & Gas Co., 244 F. 20, 29 (C. C. A. 8).

Settle order on notice.