O'CONNELL *v.* HOLBROOK.

1. BANKS AND BANKING—PRIVATE BANKS—CERTIFICATE OF DEPOSIT.
    General banking statutes *held*, inapplicable to determination as
    to whether or not certificates of deposit, issued by private
    bank conducted by partnership, and purchased from holder by
    bank's debtor after it had closed, could be set off against his
    debt, since the so-called bank was a business endeavor of the
    partnership and not insolvent apart from the insolvency of all
    partners (Comp. Laws 1929, § 9710 *et seq.*, § 12048 *et seq.*).

2. SAME—RECEIVERS—SET-OFFS—INSOLVENCY.
    Receiver of private bank must allow set-off in full of certificate
    of deposit purchased by debtor of the bank after bank closed
    where receiver does not establish that all of the partners, not
    merely the bank, were insolvent (2 Comp. Laws 1929, § 9710
    *et seq.*).

3. SAME—CERTIFICATES OF DEPOSIT—TRANSFER AFTER CLOSING OF
    BANK.
    Holder of certificate of deposit of private bank had right to
    transfer it to debtor of the bank after it has closed and debtor
    had right to set it off against amount he owed bank, since
    case does not fall within the rules and statutes applicable to
    incorporated banks (2 Comp. Laws 1929, § 9710 *et seq.*).

4. SAME—PRIVATE BANK—RECEIVERS.
    Private banking business conducted by partnership was but a
    creature of the partners, its assets and obligations theirs, and
    receiver stands in their shoes (2 Comp. Laws 1929, § 9710
    *et seq.*).

5. SAME—APPOINTMENT OF RECEIVER—VESTED SET-OFF.
    Appointment of receiver of private bank conducted by a partner-
    ship not shown to have been insolvent could not change its
    debtor's right to a set-off vested prior to the appointment
    (2 Comp. Laws 1929, § 9710 *et seq.*).

Appeal from Clinton; Searl (Kelly S.), J.  Sub-
mitted January 11, 1935.  (Docket No. 68, Calendar
No. 38,043.)  Decided March 5, 1935.

Bill by James O'Connell against Harry J. Holbrook and others, individually and doing business as Bank of Hubbardston, to allow a set-off, discharge a mortgage and deliver notes. George E. Fritz was appointed receiver, and Clair R. Carr was substituted for him in such capacity, for Bank of Hubbardston. Decree for plaintiff. Defendants appeal. Affirmed.

*Smith, Hunter & Spaulding,* for plaintiff.

*Watt & Colwell,* for defendants.

Wiest, J. Under the name and style of the Bank of Hubbardston defendants Holbrook, Cummins and Cowman, as copartners, conducted the business of a private bank for many years.

Plaintiff was indebted to the bank copartnership. In February, 1933, upon proclamation by the governor, the bank, along with all the banks in the State, closed and it never reopened. One James Fitzpatrick held certificates of deposit, issued to him by the bank and, after the bank closed, he sold plaintiff a sufficient amount thereof to equal plaintiff's indebtedness to the bank. Plaintiff tendered the certificates in discharge of his indebtedness and, upon refusal thereof, filed the bill herein to have the certificates set off against his indebtedness. After the bill was filed a receiver of the partnership bank affairs was appointed, and he intervened as a defendant.

Defendants appeal from a decree granting the set-off and discharging plaintiff's indebtedness, claiming the bank was insolvent at the time it closed; that it was a bank within the meaning of the statute against preferential payments; that the definition of insolvency is the same for a private bank,

owned by a copartnership, as for an incorporated bank, and that plaintiff was not entitled to have set-off made after insolvency of the bank.

The general banking statutes are not applicable. The so-called bank was a business endeavor of the partnership and was not insolvent apart from insolvency of all the copartners. *First National Bank & Trust Co.* v. *Storms*, 265 Mich. 453.

Insolvency of the copartners, and not merely of the bank, was for the receiver to establish, and such was not properly shown.

Mr. Fitzpatrick had a right to transfer to plaintiff the certificate obligations of the partnership and plaintiff had a right to have the set-off made. The case does not fall within the rules and statutory provisions applicable to incorporated banks.

The copartnership bank operated under Act No. 160, Laws of 1859 (2 Comp. Laws 1929, § 9710 *et seq.*), and prior to Act No. 284, Pub. Acts 1925 (3 Comp. Laws 1929, § 12048 *et seq.*), prohibiting any person or incorporated association, not then engaged in the business of banking, from engaging in any such business. This bank was but a creature of the copartners, its assets and obligations were theirs and the receiver stands in their shoes.

The bill herein was filed August 2, 1933. The receiver was not appointed until November 2, 1933. The right of plaintiff to have set-off was vested by tender long before the receiver was appointed and that appointment did not, and could not change established rights between plaintiff and the copartnership.

Judgment is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.