Zimmerman, J.
 

 . As we view the matter, the only question now properly before this court is whether the statutes of Ohio sufficiently empower the Superintendent of Banks in charge of the liquidation of a partnership bank to maintain this character of action against the partner-owners of su'ch an association.
 

 It is conceded by the appellees that the superintendent had ample authority in 1982 to take over a partnership bank in failing circumstances for liquidation by virtue of Sections 710-2 and 710-89, General 0ode, as then in force. However, they insist that the scope of his activities in such respect was and is strictly confined to dealing with the assets and liabilities of the bank alone, so that if on the completion of such undertaking there are creditors whose claims have not been met through this limited operation, the latter are relegated to suits against the partners 'of the bank to collect their unpaid debts.
 

 On the other hand, appellant contends that Sections 710-1 and 710-95(7), General Code, taken together, clothe him with authority to commence and prosecute an action of the sort engaging our attention.
 

 Let us examine these statutes. Section 710-1 defines terms used in the Banking Act and reads, in part:
 

 “The term ‘unincorporated bank’ shall include every unincorporated person, firm or association transacting banking business in this state; and the term ‘board of directors’ shall include the owner or owners of such banks.”
 

 The pertineftt portion of Section 710-95 provides:
 

 
 *202
 
 “The superintendent of banks, upon taking possession of-the business and property of any bank, shall have, exercise and discharge the following powers, authority and duties, without notice or approval of court, but shbject to the provisions of this chapter, to wit:
 

 “1. To collect all money due to such bank.
 

 “2. To perform all such acts as are desirable or expedient in his discretion to preserve and conserve the assets and property thereof. * * *
 

 “7. To institute and maintain against the directors, officers or employes of such bank, or any of them, any suit or action which such bank, its shareholders or creditors might institute and maintain. * * *
 

 “10. For the purpose of executing and performing any of thq powers and duties hereby conferred upon him, in his name as superintendent of banks in charge of the liquidation of such bank, to institute, prosecute and defend any and all actions or proceedings within or without this state * * V’
 

 Keeping in mind the comprehensive objects and purposes of the Banking Act, inclusive of unincorporated banks, and giving the quoted statutes the broad interpretation to which we think them entitled, sufficient foundation is afforded to sustain appellant’s contention.
 

 Such interpretation is in furtherance of sound public policy, placing the entire business in the hands of the superintendent where it belongs. It allows the superintendent to wind up completely the affairs of an insolvent unincorporated bank, instead of compelling him to leave the job half finished. It avoids the undesirable complications of a multiplicity of suits against individual owners or partners by the unsatisfied creditors of the bank, and it has the desirable tendency of placing the depositors in such a bank more on a par with the depositors in an incorporated bank.
 

 The general proposition is well settled that every
 
 *203
 
 partner is personally liable for partnership debts and that such liability is -unlimited. Recognition of this principle is suggested by Section 710-77, General Code, requiring,every unincorporated bank to file a sworn statement with the Superintendent of Banks as to “the responsibility and the net worth • of the individual members of such unincorporated bank.”
 

 But it is urged by appellees that firm creditors must first resort to firm assets to satisfy their claims, and if these prove insufficient they may not move against the partners and their non-partnership property, until the individual creditors of the individual partners have first obtained satisfaction of their claims. The leading case of
 
 Rodgers, Assignee,
 
 v.
 
 Meranda, Assignee,
 
 7 Ohio St., 179, is cited to sustain the point.
 

 Granting the correctness of this equitable rule, it is modified as to the depositors in and owners of unincorporated banks by the provisions of Section 710-80, General Code, reading:
 

 “The depositors in any unincorporated bank shall have first lien on the assets of such bank, in case it is wound up, to the amount of their several deposits, and for any balance remaining unpaid, such depositors shall share in the general assets of the owner or owners alike with the general creditors.”
 

 In other words, the depositors in an unincorporated bank are placed on an equality with the personal creditors of the individual owners of such bank. And it appears from the record in the instant case that the bank’s creditors are for the most part its depositors, if not entirely so.
 

 Is the procedure adopted by the appellant to enforce the individual liability of the bank partners open to valid complaint or criticism? A better or more practical method has not been brought to our attention. The liquidating agent, representing the superintendent, dealt with the assets and liabilities of the Farmers Bank nearly a year and a half, distributed a fifty per
 
 *204
 
 cent dividend, and made an estimate of the additional outside amount it would take -to pay creditors and other expenses. Approval of such calculations by the superintendent is clear, for he instituted and sponsored the action against the individual partners.
 

 Inquiry as to whether the sum of $50,000 demanded by the superintendent, and for which judgment was awarded by the trial court, is too large and included improper items, raises issues of both fact and law not yet considered by the Court of Appeals, and therefore not before this court at this time.
 
 Wheeling & Lake Erie Ry. Co.
 
 v.
 
 Richter,
 
 131 Ohio St., 433, 3 N. E. (2d), 408.
 

 If a judgment for the appellant and against the appellees should finally be approved, its collection has to do with problems foreign to the controversy in its present stage, although this feature has been argued by counsel. As a passing comment, we assume that personal creditors of the partners who should deem their rights prejudiced by the enforcement of the judgment could invoke judicial protection. And the partners themselves could take steps, if necessary, to insure an equitable distribution of their separate property among their creditors. Then, if the superintend-' ent should collect from one or more partners a greater proportion of the judgment than they ought fairly to pay, measured by their interests in the partnership, they might have contribution from the other partners in another action. Lastly, if the amount collected by the superintendent should prove more than adequate to pay the obligations for which it was obtained, the partners would be entitled to a ratable return of the excess.
 

 In some respects the position of the Superintendent of Banks acting as liquidator of a defunct bank is similar to that of a receiver. While not strictly analogous to the instant case, we have found several cases up
 
 *205
 
 holding the right of a receiver of an insolvent partnership hank to enforce the individual liability of the partners after determination that the bank’s assets were insufficient to meet its obligations. See
 
 First National Bank & Trust Co.
 
 v.
 
 Storms,
 
 265 Mich., 453, 251 N. W., 576, with which compare
 
 Bierma
 
 v.
 
 Ellis,
 
 212 Iowa, 366, 236. N. W., 402;
 
 Wilson
 
 v.
 
 Book,
 
 13 Wash., 676, 43 P., 939;
 
 Watters on
 
 v.
 
 Masterson,
 
 15 Wash., 511, 46 P., 1041.
 

 In appraising this decision and its effect it is important to remember that Section 710-95, General Code, expressly authorizes the superintendent, in a representative capacity, to institute and maintain against the “directors” (which term we have held to be inclusive of “owners”)
 
 any
 
 suit or action which the “creditors” of the bank might institute and maintain. Our interpretation allows the superintendent to act for the creditor class against the owners of unincorporated banks to accomplish the same result which might be accomplished by the individual members of that class through separate suits against the same owners.
 

 The judgment of the Court of Appeals is reversed and the case remanded to that court to pass on the assignments of error not disposed of in this opinion.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias and Williams, JJ., concur.
 

 Myers, J., not participating.