## HALPIN *v.* WHITE.

1. TRADE-NAMES—STATUTES—CONSTRUCTION—ASSUMED NAMES.
   Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), relating to the filing of a certificate with the county clerk by persons doing business under an assumed name setting forth the name under which the business is conducted and the real names and addresses of the persons connected therewith, is inapplicable where a pri-

vate bank, doing business under an assumed name, has complied with the provisions of 2 Comp. Laws, § 5271 (2 Comp. Laws 1915, § 6715), relating to brokers and exchange dealers, and requiring the filing of a certificate in the county clerk's office in the county in which the business is located, setting forth the names of the members connected with the company or firm, name and style thereof, and place of business.[1]

2. SAME—STATUTES—PRESUMPTIONS.

It will be presumed on appeal, in an action on a note by the administrator of the estate of a person who did a private banking business under an assumed name, where the record is silent on the question, that deceased complied with the provisions of 2 Comp. Laws, § 5271 (2 Comp. Laws 1915, § 6715), relating to brokers and exchange dealers and the filing of a certificate with the county clerk.

Error to Lapeer; Lamb, J., presiding. Submitted January 18, 1917. (Docket No. 37.) Decided September 27, 1917.

Assumpsit by Theodore D. Halpin, administrator of the estate of Oliver H. Wattles, deceased, against Kirk White and another on a promissory note. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*B. F. Reed,* for appellants.

*Theodore D. Halpin, in pro. per.*

BIRD, J. Oliver H. Wattles in his lifetime did a banking business in the city of Lapeer. When he succeeded to the business of his father, J. M. Wattles, he continued to run it as sole owner under the name of J. M. Wattles & Co., the same as his father had done.

---

[1]On the question as to what names or designations are within statutes requiring the filing of a certificate giving certain information regarding a business conducted under an assumed or fictitious name or a designation not showing the names of the persons interested, see notes in L. R. A. 1916D, 355; L. R. A. 1917B, 697.

In July, 1909, while conducting the business under this name, he loaned to defendants $1,500, and took their promissory note therefor. When Oliver H. Wattles died, in March, 1911, the note was still unpaid, and his administrator, Theodore D. Halpin, commenced this suit to recover thereon. The sole defense was that the name of J. M. Wattles & Co. was an assumed name, and as Oliver H. Wattles did not comply with the provisions of Act No. 101 of the Public Acts of 1907 (2 Comp. Laws 1915, § 6349 *et seq.*) no recovery could be had thereon. This defense was overruled, and judgment passed for plaintiff by direction of the court.

It was decided by this court in *Missaukee Farm & Investment Co.* v. *Ferris*, 193 Mich. 286 (159 N. W. 490), that the provisions of Act No. 101 did not apply to a private banking business, because that business was already regulated by Act No. 160 of the Laws of 1859 (2 Comp. Laws, § 5271, 2 Comp. Laws 1915, § 6715). The provisions and requirements of that act are very similar to those of Act No. 101. In the case cited it was said in part:

"It is also claimed by defendant Elbert C. Ferris that it was necessary for the Missaukee County Bank to file a certificate in accordance with Act No. 101 of the Public Acts of 1907, and, not having done so, it was therefore incapacitated from entering into the contract in question. The complainant claims that the bank, having been organized under and by virtue of the terms of a general law, and having substantially complied with its provisions, comes within the exception provided for in section 4 of Act No. 101 of the Public Acts of 1907, which reads as follows:

" 'This act shall in no way affect or apply to any corporation, partnership association, limited or special partnership, duly organized under the laws of this State, or to any corporation organized under the laws of any other State and lawfully doing business in this State.'

"The language of this section of the statute is general in its scope, and, in my judgment, includes a co-

partnership organized under Act No. 160 of the Laws of 1859. I conclude, therefore, that it was unnecessary for the Missaukee County Bank to comply with Act No. 101 of the Public Acts of 1907."

The record in the present case is silent as to whether Oliver H. Wattles or his father ever filed the certificate required by Act No. 160 of the Laws of 1859. The requirements of that act were mandatory that the certificate should be filed before commencing business, and we cannot assume that Oliver H. Wattles did business in violation of this act. No question, however, is raised as to a failure to comply with Act No. 160.

As it was unnecessary for him to comply with Act No. 101, the judgment of the trial court must .be affirmed, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, STEERE, BROOKE, and FELLOWS, JJ., concurred. MOORE, J., did not sit.