POWER v. BRIGHAM.

1. PARTNERSHIP—FILING CERTIFICATE—ADDING NEW PARTNERS—OLD CERTIFICATE IN FORCE UNTIL NEW ONE FILED—CONTRACTS VALID.

Where partners operating a private bank filed a certificate of partnership with the county clerk, as required by 2 Comp. Laws 1915, § 6715 *et seq.*, they may maintain an action on a contract made by the firm although new partners had been added and no new certificate filed, since, under the statute, the old certificate is in force until a new one is filed, the liability of the old members of the firm continues, and contracts made in the firm name are valid and enforceable.

---

[1] Partnership, 30 Cyc. p. 420.

2. JUDGMENT—FORMER ACTION NOT DISPOSED OF ON MERITS NOT
   RES ADJUDICATA.

   A former action on a note, which was not disposed of on
   its merits, but which was discontinued before trial, is
   not *res adjudicata* of the rights of the parties.

Error to Wexford; Lamb (Fred S.), J.    Submitted
October 19, 1926.    (Docket No. 66.)    Decided De-
cember 8, 1926.

Assumpsit by Delbert H. Power and others, doing
business as the Bank of Buckley, against G. A.
Brigham on a promissory note.    Judgment for plain-
tiffs.    Defendant brings error.    Affirmed.

*M. W. Underwood* (*C. L. Dayton*, of counsel), for
appellant.

*Fred C. Wetmore*, for appellees.

FELLOWS, J.    Plaintiffs operate a private bank.
Defendant gave them the note upon which this suit is
brought for $1,084.68 for money borrowed from them.
He makes no defense on the merits but insists that
plaintiffs are not entitled to maintain this action be-
cause they had not filed with the county clerk the
certificate required by Act No. 160, Laws 1859 (2
Comp. Laws 1915, § 6715 *et seq.*).    He also insists
that they may not maintain this action because they
brought a former suit on this note which they dis-
continued before a trial on the merits.    The proofs
developed substantially the following facts:    The bank
was organized in the fall of 1918 by plaintiffs Delbert
H. Power and Ernest A. Power, and on September 16,
1918, they prepared a certificate substantially in com-
pliance with the act; it was sworn to on September
18th and filed.    In 1921, plaintiffs Whitmore and
Robert L. Power became members of the firm.    A new
certificate was made out and mailed to the county clerk

²Judgments, 34 C. J. § 1204.

but it could not be found in his office. At the close of the proofs both parties asked for a directed verdict. The trial judge submitted the case to the jury, resulting in a verdict and judgment for plaintiffs.

We are persuaded that a verdict for plaintiffs should have been directed on the authority of *Missaukee Farm & Investment Co.* v. *Ferris*, 193 Mich. 286. In that case a certificate was filed June 22, 1902, and no new certificate was filed before taking the paper upon which the suit was brought, although in the meantime one of the partners had died and another had sold his interest, so that the interest of the partners had been changed. But a certificate had been filed; and, as pointed out by the trial judge in his opinion which we followed, under section 6715, 2 Comp. Laws 1915, until a new certificate was filed showing the change in the membership of the firm, the liability of the old members of the firm continued. And we there held that the failure to file a new certificate did not preclude the bank from maintaining its suit. So long as no new certificate was filed the persons who signed the original certificate under the statute remained liable and the contracts made in the firm name were valid and enforceable in the courts. This was the effect of the holding in the *Ferris Case*. Upon principle, the instant case is not distinguishable from that case. Here there was filed by the organizers of the bank a certificate substantially complying with the act. The adding of new partners but strengthened the bank, and, under the reasoning of the *Ferris Case*, did not operate to nullify the contracts made by the firm. By a parity of reasoning, the continuing of the business beyond the time originally contemplated did not have such effect. Under the statute, a certificate once filed does not spend its force until a new one is filed; the liability under it continues and contracts made while such certificate is on file with the clerk and in force are not a nullity.

The former suit which was not disposed of on its merits, but which was discontinued before trial, is not *res adjudicata* of the rights of the parties.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.