UPTON *v.* UPTON.

1. TRADE-MARKS AND·TRADE NAMES—STATUTES—ASSUMED NAMES—
BANKS AND BANKING.

 Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1929, § 9825 *et seq.*),
relating to filing of certificate with county clerk by persons
doing business under an assumed name is inapplicable to bank-
ing partnerships governed by Act No. 160, Pub. Acts 1859
(2 Comp. Laws 1929, § 9710 *et seq.*).

2. BANKS AND BANKING—LIABILITY OF SUBSEQUENT PARTNERS—NEW
CERTIFICATES.

 A subsequent partner is liable for debts of banking partnership
although a new certificate showing his interest is not filed
(2 Comp. Laws 1929, § 9710 *et seq.*).

3. SAME—LIABILITY OF DEBTOR OF PARTNERSHIP.

 Debtors of a banking partnership are not relieved of their obli-
gations by changes in the firm and failure to file new certifi-
cates (2 Comp. Laws 1929, § 9710 *et seq.*).

4. SAME—CERTIFICATE OF PRIVATE BANKING PARTNERSHIP.

 Primary purpose of certificate required of members of private
banking partnership is to provide evidence of ownership by
public record (2 Comp. Laws 1929, § 9710).

5. SAME—ASSUMED NAME—CERTIFICATES—SUFFICIENCY—FRAUD.

 Certificates filed by members of a banking partnership upon its
organization and dissolution under assumed name statute
which contained substantially same information as required in
certificates under private banking partnership act, except that
terms of partnership were not set forth, *held,* sufficient, where
the situation contained no possibility of fraud (2 Comp. Laws
1929, § 9710 *et seq.*, § 9825 *et seq.*).

6. SAME—RECEIVER—FIRM DEBTS.

 The receiver of a private banking partnership organized under
2 Comp. Laws 1929, § 9710 *et seq.*, may enforce the liability
of the partners for firm debts.

7. SAME—RETIRED PARTNER.

Act No. 160, Pub. Acts 1859 (2 Comp. Laws 1929, § 9710 *et seq.*), does not expressly define the liability of a retired banking partner after the filing of a new certificate and at most his continued liability could be no greater nor different than that of a retired partner under the general partnership law.

8. PARTNERSHIP—RECEIVER—ENFORCEMENT OF LIABILITY OF PARTNERS.

Under uniform partnership act a receiver may be authorized to enforce personal liabilities of partners for firm debts because such liability constitutes an asset of the partnership (2 Comp. Laws 1929, §§ 9858, 9880).

9. SAME—DISTRIBUTION OF COLLECTIONS BY RECEIVER.

Contributions collected from partners become general funds in hands of receiver to be distributed proportionately among creditors (2 Comp. Laws 1929, § 9880).

10. SAME—RECEIVERS—RETIRED PARTNERS.

Uniform partnership act does not expressly authorize action by the receiver of a partnership against a retired partner.

11. SAME—RETIRED PARTNERS—SUBSEQUENT DEBTS.

A retired partner has no property interest in the firm assets and in general he is not liable for its debts incurred after his withdrawal.

12. SAME—RETIRED PARTNERS—FIRM DEBTS EXISTING ON WITHDRAWAL—CREDITORS.

Retiring partner's liability for firm debts existing at the time of withdrawal is personal as to each creditor and collection made as result of enforcement of such liability would be for particular creditor's benefit and not for general distribution among creditors.

13. BANKS AND BANKING—RECEIVERS—RETIRED PARTNERS.

Receiver of a private banking partnership may not enforce liability of retired partner for firm debts since his liability does not remain a partnership asset.

Appeal from Ionia; Hawley (Royal A.), J. Submitted April 6, 1934. (Docket No. 67, Calendar No. 37,581.) Decided June 21, 1934.

Receivership proceedings by Victor F. Upton against Arthur A. Stoddard, for the dissolution of a copartnership, doing business as Bank of Muir. Victor F. Upton and J. Lee Strachan, administrators *de bonis non* of the estate of Arthur A. Stoddard, were substituted as parties defendant. Supplemental bill by receiver, Edward W. Fehling, against Fred W. Green to enforce liability as partner. From order denying motion to dismiss supplemental bill, defendant Green appeals. Reversed and supplemental bill dismissed.

*Watt & Colwell,* for plaintiff Fehling, receiver.

*John P. Kirk,* for defendant Green.

Fead, J. Defendant Fred W. Green reviews denial of motion to dismiss a supplemental bill of complaint filed against him by the receiver of the Bank of Muir, a copartnership consisting of Victor F. Upton and Arthur A. Stoddard. Upon the motion, the allegations of the bill must be taken as true.

From 1919 to May 10, 1923, the firm of the Bank of Muir was composed of Upton, Stoddard and two others. The partnership then was dissolved and a new one organized, consisting of Upton, Stoddard and defendant Green. May 12th, a certificate of partnership under the firm name of the Bank of Muir was signed and acknowledged by the three partners and filed in the office of the county clerk. It recited that it was made in pursuance of Act No. 101, Pub. Acts 1907, which is 2 Comp. Laws 1929, § 9825, the "assumed name" statute.

On June 9, 1930, another certificate under Act No. 101 was signed and acknowledged by Stoddard and Upton as copartners under the name of the Bank of Muir and filed with the clerk. On the same

day a notice of dissolution of partnership, signed by the three partners, reciting that defendant had withdrawn from the firm and Stoddard and Upton would pay all debts and liabilities and receive all moneys payable to the firm or Bank of Muir, was filed with the county clerk and attached to the certificate of 1923. On August 21, 1930, a notice of dissolution of the partnership was published in a newspaper in the county in which Muir is located.

After June 9th the business was conducted wholly by Stoddard and Upton and defendant was not identified with it On April 4, 1931, the bank closed its doors, Upton filed a bill against Stoddard for dissolution of partnership, and a receiver was appointed. Three hundred eighty-two creditors have presented claims, which have been allowed at over $206,000, most of which arose while defendant was a partner of the firm and the others after filing the notice of dissolution.

On February 6, 1932, because the partnership assets were insufficient to pay the debts, the receiver was ordered to enforce contributions from the partners on account of their individual liabilities. Defendant was not a party to the suit or order. On petition filed July 25, 1933, an order was entered making defendant a party to the suit. Process was served on him and the supplemental bill filed, to which he made the motion to dismiss. The purpose of the supplemental bill is to charge the defendant for the debts of the firm as a partner, continuing as such to the time the bank closed.

The receiver contends defendant continued as a partner after the dissolution of the firm in June, 1930, by virtue of Act No. 160, § 2, Pub. Acts 1859 (2 Comp. Laws 1929, § 9711). The first section requires brokers and exchange dealers, private bank-

ers, to file with the county clerk a certificate signed by each partner and verified by the affidavit of one member, setting forth the name of all members of the firm, the residence of each, the style of the firm, the terms of the partnership, the length of time it is to continue if limited by contract, and the locality of the place of business. The certificate is to be kept as a public document, open to the inspection of any person. Section 2 (2 Comp. Laws 1929, § 9711), provides:

"In case there shall be, at any time after the making and filing of said certificate, any change in the name or style of said firm, or in the terms of their partnership, then a new certificate, verified as before specified, shall in like manner be filed, as required by section one of this act, before such change shall take effect; and until such new certificate shall have been made and filed, as above specified, the individual member or members of the firm, as set forth in the certificate on file, shall be held to be the actual members of the firm, and in all respects holden and liable for any obligation, debt or liability, incurred by the said company, as brokers or exchange dealers."

Act No. 101, Pub. Acts 1907, under which the certificates at bar were drafted and filed, requires a certificate to be filed with the county clerk, setting up the title of the firm and the names of all partners with their home and postoffice addresses, and to be signed and acknowledged by the partners. Act No. 101 is not applicable to banking partnerships governed by Act No. 160. *Halpin* v. *White*, 197 Mich. 549.

If the certificate of 1923 had no force under Act No. 160, section 2 cannot be invoked to charge defendant as a partner beyond the actual dissolution

in 1930; and, the partnership having been conducted in violation of statute, the situation might be serious because of the defense of illegality against obligations owing to the firm. *Cashin* v. *Pliter,* 168 Mich. 386 (Ann. Cas. 1913 C, 697).

Apparently to avoid the hazard, the receiver urges that the certificate of 1923 was a sufficient compliance with Act No. 160 to establish the partnership but that the similar certificate of 1930 was not sufficient to work a change in the firm and withdraw defendant as a partner. We are unable to find a basis for such distinction between the two certificates.

Act No. 160 has not been given a strained construction or effect by this court nor has strict compliance with the provisions for a certificate been held determinative of the liabilities of actual partners and rights of the partnership. Thus, a subsequent partner is liable for debts of the firm although a new certificate showing his interest is not filed. *Wright* v. *Weimeister,* 87 Mich. 594; and, on the other hand, debtors of the partnership are not relieved of their obligations by changes in the firm and failure to file new certificates. *Power* v. *Brigham,* 237 Mich. 172; *Missaukee Farm & Investment Co.* v. *Ferris,* 193 Mich. 286.

The primary purpose of the certificate is to provide evidence of ownership by public record and obviate the difficulties and hazards of private inquiry and proof. It is evident that, both at the formation and the dissolution of the firm of which defendant was a member, the parties intended to comply with the law. But they mistook the applicable statute. The certificates they filed contained substantially the requirements of Act No. 160 except as to the terms of the partnership. As the original

record shows, the certificate held sufficient in *Power v. Brigham, supra,* had the same omission. Both certificates conveyed to the public, as clearly and fully as a technically correct document would have done, notice of the fact and composition of the partnership, its dissolution and the successor firm. The situation contained no possibility of deception of the public.

In view of its substantial conformity with the requirements of Act No. 160, it would be supertechnical to hold the certificate of 1923 insufficient; and it would be unjust to the firm creditors to so outlaw the business from the beginning and imperil collection of partnership assets. We agree with the receiver that such certificate should be sustained as sufficient to establish the firm business as legal. But because no valid distinction can be drawn between them, this results also in holding the certificate of 1930, with the notice of dissolution attached to the certificate of 1923, sufficient under Act No. 160 to evidence dissolution of the partnership and formation of a new firm of which defendant was not a member. We hold, with the circuit court, that both certificates were sufficient.

The remaining question is whether a receiver may enforce the liability of a retired partner to firm creditors.

The receiver of a private banking partnership, organized under Act No. 160, may enforce the liability of the partners for firm debts. *First National Bank & Trust Co.* v. *Storms,* 265 Mich. 453. The question was upon the liability of partners who had transferred their interests in the firm (but no new certificate had been filed), and who, therefore, under Act No. 160, § 2, continued as partners. So, the case covered the liability of those who, in law, were

present partners. The gist of the opinion of Mr. Justice NORTH was (p. 457):

"The liability imposed by the foregoing statute (Act No. 160), is that of a partner. * * * Having been appointed, it was the receiver's duty to take over the assets of the association. When required to satisfy the obligations of the association, the property of its respective members (unless needed for payment of personal debts) becomes part of the assets of the association."

The act does not expressly define the continued liability of a retired partner after a new certificate is filed. The question is not before us whether and for what existing debts Act No. 160 relieves a retiring partner on filing certificate of change of the firm. At most, the continued liability could be no greater nor different than that of a retired partner under the general partnership law.

The uniform partnership act provides, 2 Comp. Laws 1929, § 9880:

"(e) An assignee for the benefit of creditors or any person appointed by the court shall have the right to enforce the contributions specified in clause (d) of this paragraph."

Clause (d) provides in part:

"The partners shall contribute, as provided by section eighteen (a) the amount necessary to satisfy the liabilities."

The pertinent portion of section 18 (a) (2 Comp. Laws 1929, § 9858), is:

"Each partner * * * must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits."

The assets of the partnership to which the receiver is entitled are, 2 Comp. Laws 1929, § 9880:

"(1) The partnership property,

"(2) The contributions of the partners necessary for the payment of all the liabilities specified in clause (b) of this paragraph,

"(b) The liabilities of the partnership shall rank in order of payment, as follows:

"(1) Those owing to creditors other than partners,

"(2) Those owing to partners other than for capital and profits,

"(3) Those owing to partners in respect of capital,

"(4) Those owing to partners in respect of profits."

Under the uniform partnership act, therefore, a receiver may be authorized to enforce the personal liabilities of partners for firm debts because such liability constitutes an asset of the partnership. Contributions from the partners, when collected, become general funds in the hands of the receiver, to be distributed proportionately among the creditors.

The statute does not, in terms, authorize action by the receiver against a retired partner. A retired partner does not bear the same relation to the firm as a present partner. He has no property interest in the firm assets. In general, he is not liable for its debts incurred after his withdrawal. His liability for debts existing at the time of withdrawal may depend upon various contingencies, as notice to or knowledge of the creditor, estoppel, election, novation, change in the debt as provided in 2 Comp. Laws 1929, § 9876, or the like. His possible defenses emphasize the fact that his liability for firm debts is personal as to each creditor. Any collection thereof

would be for the benefit of individuals and not for distribution among creditors generally. Consequently, the liability does not remain a partnership asset and the receiver may not maintain action upon it.

Order reversed and cause remanded for entry of order dismissing the supplemental bill against defendant Green, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.