PALCHI *v.* ROBBINS.

1. JUDGMENT—DOCTRINE OF RES JUDICATA.
   Doctrine of *res judicata* rests upon the principle that a question once determined by a court of competent jurisdiction by a judgment on the merits is forever settled so far as the litigants and those in privity with them are concerned.

2. SAME—PARTICULAR ISSUE—RES JUDICATA—BURDEN OF PROOF.
   Burden of proof that a particular issue was passed upon in a decision is cast on the one so claiming.

3. SAME—DEMURRERS TO FORM OF ACTION, DEFECTIVE PLEADING OR JURISDICTION.
   Judgment upon a demurrer going to form of the action, defect of pleading or to jurisdiction of the court will not preclude future litigation on the merits of the controversy in a court of competent jurisdiction upon proper pleadings.

4. SAME—DEMURRERS TO FORM AND SUBSTANCE—PRESUMPTIONS.
   Judgment, based upon a demurrer which goes both to defects of form and also to the merits, without designating between the two grounds, will be presumed to rest upon the former.

5. SAME—DISMISSAL AND NONSUIT.
   Dismissal of actions based on demurrers to declarations based on alleged failure to state a cause of action, incapacity of plaintiffs to sue, misjoinder of parties plaintiff and causes of action, lack of jurisdiction of court of subject-matter, various defects in pleading and statute of limitations *held,* insufficient to bar cause of action in this State where order of dismissal failed to designate upon which ground demurrer was sustained.

6. STATUTES—CONSTRUCTION—LIABILITY OF BANK STOCKHOLDERS.
   Since the right of an Illinois bank's creditor to maintain action enforcing bank stockholder's liability is dependent upon Illinois statute and Constitution, this court accepts as authority the construction placed thereon by the courts of that State.

7. PARTIES—BANK STOCKHOLDERS' LIABILITY SUITS—CREDITORS.
   Plaintiffs in attachment proceedings brought in this State to recover amount of their deposits in Illinois bank of which defendant whose property was attached was a stockholder *held,*

in legal effect, plaintiffs in suit brought in Illinois by other creditors of the bank in their own behalf and on behalf of all other creditors to enforce stockholders' liability because of identity of interest in questions involved, relief sought and fund to be collected, hence, were bound by order in such suit restraining individual actions against stockholders by creditors.

8. Dismissal and Nonsuit—Voluntary Discontinuance.

A voluntary discontinuance may be entered at any time by a plaintiff upon notice and payment of costs except where a recoupment or set-off is asserted by the defendant (Court Rule No. 38, § 1 [1933]).

9. Same—Bank Receiver's Suit—Creditors' Attachment Suit.

Voluntary discontinuance of suit by receiver of Illinois bank to enforce statutory liability against stockholder owning property in this State *held*, no bar to subsequent attachment proceeding by plaintiffs, creditors of the bank, against same defendant where plaintiffs herein were, in legal effect, parties to action brought by the receiver.

10. Judgment—Parties—Banks and Banking—Dismissal and Nonsuit.

The fact that creditors of an Illinois bank were enjoined from bringing individual actions against stockholders thereof in suit by receiver, appointed incident to suit by other creditors in their own behalf and on behalf of all other creditors, *held*, no bar to attachment proceedings in this State against a stockholder owning property in this State, where defendant was not a party to the suit when such order was made and suit was dismissed as to her before commencement of instant action; a subsequent order of Illinois court approving suit by plaintiff creditors being *nunc pro tunc* only as to evidence of Illinois court's intention to permit those who had enforceable claims against defendant to bear burden of expense of enforcing her liability which was limited to creditors of the bank on a given date.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 10, 1935. (Docket No. 97, Calendar No. 37,271.) Decided September 9, 1935.

Attachment proceeding with accompanying suit in assumpsit by Guiseppi Palchi and Barbara Palchi against Margaret K. Robbins for liability as

owner of stock in an Illinois banking corporation. Hunter S. Robbins intervened as a party defendant. From order granting motions to dismiss by defendant and intervener, plaintiffs appeal.   Reversed.

*Louis H. Osterhous,* for plaintiffs.

*Leo C. Lillie* and *Howard W. Fant,* for defendant and intervener.

NELSON SHARPE, J.   The facts in this case as disclosed by the record and stipulated by counsel may be summarized as follows:

The Italian Trust & Savings Bank was incorporated under the banking laws of the State of Illinois on June 30, 1921.   It was closed on June 10, 1931, by Oscar Nelson, auditor of public accounts of that State.   The defendant Margaret K. Robbins, now a resident of the State of California, was the owner of 100 shares of stock in the bank of the par value of $100 each on October 1, 1929.   At the time the bank closed, there were six creditors thereof who had money therein which had been on deposit on that date.

Section 6 of article 11 of the Constitution of the State of Illinois reads as follows:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him or her held to an amount equal to his or her respective shares so held for all its liabilities accruing while he or she remain such stockholder."

Basing their right to recover thereon, these six creditors commenced separate actions in the circuit court for the county of Allegan in this State to recover the amount of their deposits from Mrs. Robbins, less certain dividends which they had received.

Certain real estate was attached. Hunter S. Robbins, claiming to be the owner thereof, was permitted to intervene as a defendant. Separate motions to dismiss were made by the defendants and, after answers thereto had been filed and a hearing had thereon, the actions were dismissed. Among the six were the plaintiffs herein, who here seek review of the order dismissing their action.

After Nelson, as auditor of public accounts, closed the bank, he appointed Howard C. Holbrook receiver thereof, and on July 31, 1931, Nelson as auditor filed a bill in the circuit court of Cook county in the State of Illinois, praying for the dissolution of the banking corporation, and the court thereupon entered an order confirming the appointment of the receiver. The plaintiffs herein filed and proved their claims against the bank with the receiver and on December 20, 1932, were paid a dividend of 10 per cent. thereof.

On June 11, 1931, R. D. Kyle and certain other creditors of the bank, on behalf of themselves and all of the other creditors thereof, filed their bill of complaint in the circuit court for Cook county, in the State of Illinois, against the bank and its receiver and all of the holders of shares of stock of said bank at the time it was closed, and on August 6, 1931, petitioned therein for the appointment of a receiver to accept and receipt for payments which might be voluntarily made by the stockholders, and Howard C. Holbrook, the same person whom the auditor had appointed, was appointed by the court pursuant thereto.

On December 22, 1931, the complainants amended their bill by making all of the stockholders of the bank from the date of its organization, including the defendant Margaret K. Robbins, defendants therein.

The liability sought to be enforced in the bill as amended was under the above constitutional provision, and no reference to the State banking act appeared therein.

On December 15, 1933, the circuit court for Cook county entered an order in said suit which, after reciting that it was a representative suit, brought by the petitioners as creditors of the bank on behalf of themselves and all other creditors under the constitutional provision and that demand had been made upon certain stockholders, including Margaret K. Robbins, to pay their liabilities but they had refused and failed to do so; and that it would be necessary to institute and maintain a suit therefor in the State of Michigan, and to have authority so to do, ordered the said receiver to bring such suit for the purpose of enforcing the liability of Margaret K. Robbins and the others named therein under the constitutional provision.

On March 8, 1934, the receiver brought an action in the circuit court for the county of Allegan in this State against the defendant Margaret K. Robbins, and attached certain real estate belonging to her. A motion to dismiss was made by the defendant and, after argument thereon, a voluntary discontinuance was entered by the plaintiff on May 26, 1934. It appears that on the day before, May 25, 1934, an order had been entered by the Cook county court in the stockholders' liability suit dismissing the bill of complaint as to the defendant Margaret K. Robbins. On the same day the discontinuance was entered, this action was begun by attachment and the motions to dismiss above referred to were soon after made and granted.

While the action was pending, and before dismissal, the circuit court of Cook county entered an

order confirming and approving the prosecution of this action by the plaintiffs and, as though it had been entered before the beginning of the action, authorized its maintenance and prosecution by the plaintiffs.

It also appears that R. D. Kyle and several other creditors of the bank (the same complainants as in the suit in Cook county), on behalf of themselves and all other creditors of the bank, commenced an action on May 5, 1933, against the defendant Margaret K. Robbins in the superior court of the State of California to recover on her liability as a stockholder in the said bank. It appears that a demurrer thereto was sustained, but that later, on motion to amend the complaint, a motion to dismiss was made and an order entered on June 23, 1933, dismissing the action.

On September 25, 1933, the same complainants commenced another suit against Margaret K. Robbins in the district court of the United States, southern district of California, for the same purpose, and a demurrer thereto was sustained and the action dismissed.

A number of reasons were assigned by defendant's counsel in support of his motion to dismiss this action. Among them was the claim that the dismissal of the actions in the superior court of California and in the United States district court in that State are *res judicata* of plaintiffs' right to recover. The trial court so found, and his order dismissing the case was based thereon.

The first order entered in the superior court reads as follows:

"Demurrer to complaint comes on for hearing; MacFarland, Scheinman & Krasne, by S. J. Mayer, appearing as attorneys for plaintiffs and A. B.

Ritchey for defendant; said demurrer is sustained, without leave to amend.''

A motion to amend, however, was later considered by the court, followed by another motion to dismiss and an order entered reading as follows:

''Motion to file first amended complaint and motion of defendant to dismiss action came on for hearing; MacFarland, Scheinman and Krasne, by L. Kaplan, appearing as attorneys for plaintiffs and A. B. Ritchey for defendant; motion to file first amended complaint is denied. Motion of defendant to dismiss action is granted, by consent.''

The declaration in the case filed in the district court was similar to that filed in the superior court, with the addition of a paragraph alleging diversity of citizenship. The order of dismissal entered in that court reads as follows:

''On the 23d day of October, 1933, this cause coming on for hearing on demurrer of defendant to plaintiffs' petition; counsel for respective parties being present, and, pursuant to stipulation, the court made and entered its order that demurrer be sustained without leave to amend; said cause is accordingly dismissed;

''Now, therefore, by virtue of the law and by reason of the premises aforesaid,

''It is considered, ordered, adjudged and decreed, that the demurrer of defendant to plaintiffs' petition be, and the same is hereby, sustained, and that said cause be, and the same is hereby, dismissed.''

It will thus be seen that the dismissal order entered in the superior court was ''by consent'' and that in the district court ''pursuant to stipulation.''

The reasons assigned for dismissal in the demurrer filed in the superior court read as follows:

''1. That the complaint fails to state facts sufficient to constitute a cause of action, nor does any

part or paragraph thereof state facts sufficient to constitute a cause of action against the defendant.

"2. That the plaintiffs jointly and individually are without legal capacity to maintain this action in a representative capacity or for the benefit of a group of persons as set out in the complaint.

"3. That several causes of action have been improperly united, and that several causes of action have been united within a single cause of action and have not been separately stated.

"4. That there is a misjoinder of parties plaintiff.

"5. That this court has no jurisdiction of the subject matter of the complaint or action.

"6. That the complaint is ambiguous in that it is impossible to ascertain therefrom when or how the obligation sued upon accrued as to any plaintiff or as to all the plaintiffs jointly or when nor how an obligation accrued as to a group of persons.

"7. That the complaint is unintelligible for the same reasons that it is ambiguous.

"8. That the complaint is uncertain for the same reasons that it is ambiguous and unintelligible.

"9. That it appears from the face of the complaint that the action is barred by the provisions of secs. 338, par. 1, and 359, of the code of civil procedure of the State of California."

Those filed in the district court were similar in effect.

"The doctrine of 'res judicata' rests upon the principle that a question once determined by a court of competent jurisdiction by a judgment on the merits is forever settled so far as litigants and those in privity with them are concerned." *Machen* v. *Budd Wheel Co.,* 265 Mich. 530, 535.

It is apparent that some of the reasons assigned as ground for dismissal do not present issues affecting the merits of the case. In *Hoffman* v. *Silverthorn,* 137 Mich. 60, this court held that where reli-

ance was placed upon the fact that a particular question was passed upon in a decision the burden of proving it was cast upon the one so claiming.

In *Bissell* v. *Spring Valley Township,* 124 U. S. 225, 232 (8 Sup. Ct. 495), the court said:

"There are undoubtedly many cases where a final judgment upon a demurrer will not conclude as to a future action. The demurrer may go to the form of the action, to a defect of pleading, or to the jurisdiction of the court. In all such instances the judgment thereon will not preclude future litigation on the merits of the controversy in a court of competent jurisdiction upon proper pleadings. And it has been held that where a demurrer goes both to defects of form and also to the merits, a judgment thereon, not designating between the two grounds, will be presumed to rest on the former."

In our opinion the trial court erred in holding that these dismissals barred plaintiffs' right to recover in this action.

As the right of the plaintiffs to maintain this action is dependent upon the provision therefor in the Constitution of the State of Illinois, we deem it our duty to accept as authority the construction which has been placed upon it by the courts of that State. In *Golden* v. *Cervenka,* 278 Ill. 409, 435 (116 N. E. 273), the supreme court said:

"The stockholders' liability created by the Constitution is to the creditors of the corporation, and is a several and individual liability on the part of each stockholder to each creditor. It is not a liability to the corporation or to the creditors of the corporation as a class, but to each individual creditor on the part of each individual stockholder. Therefore it is the creditors, alone, individually or collectively, who can enforce the liability by such remedies as the law affords."

In quite a recent decision of one of the appellate courts (*Babka Plastering Co.* v. *City State Bank of Chicago,* 264 Ill. App. 142) the law of that State governing suits against stockholders of banks was reviewed at length, and apparently all of the decisions of its courts relative thereto were cited and commented upon. The complainants were creditors of the bank, and filed their bill of complaint on behalf of themselves and of all of the other creditors to enforce the liability of certain stockholders under the constitutional provision. A demurrer thereto was overruled and decree entered, from which the appeal was taken. We quote therefrom (152):

"The main argument of appellants' counsel is that the instant case is an unauthorized interference with the rights of creditors in the collection of the indebtedness due the creditors individually.    *    *    *

"We have carefully considered the argument of counsel but are compelled to the conclusion that the contention of the appellants cannot be sustained and that the great weight of authority holds that when one creditor sues on behalf of all other creditors the represented creditors are as much before the court as the one creditor directly suing, and are equally bound by the decree, as each creditor has an identity of interest in the questions involved, in the relief sought, in the fund to be collected and the rights of each must be considered in making an equitable apportionment; that where the parties interested are numerous and the suit is for an object common to them all, some of the body may maintain a bill on behalf of themselves and of others."

Under the rule of law here stated, we must hold that the plaintiffs were, in legal effect, plaintiffs in the stockholders' liability suit, and are bound by the orders and decree entered therein. The decree in that case, which was affirmed, ordered the receiver

to notify all of the creditors of the bank to present their claims within a specified time, after which they would be forever barred from enforcing the liability of the stockholders, and restrained each and all of the creditors from instituting or prosecuting any suit against the stockholders without leave of the court. A similar provision as to restraint appears in the decree entered in the Cook county court above referred to.

Among the reasons assigned in the motion to dismiss was, "That these plaintiffs are without capacity to sue or prosecute this action." This is based upon the claim that in the order entered on December 15, 1933, the receiver was authorized to institute and maintain a suit in the State of Michigan to enforce the liability of the defendant as a stockholder of the bank. The receiver, acting thereunder, did begin an action by attachment against the defendant. While it was pending, the court which had entered the order dismissed the bill of complaint as to the defendant, and the receiver then voluntarily discontinued the action.

A voluntary discontinuance may be at any time entered by a plaintiff upon notice and payment of costs except where a recoupment or a set-off is asserted by the defendant. Court Rule No. 38, § 1 (1933). If the plaintiffs were, in legal effect, parties to the action brought by the receiver, its discontinuance would not bar their right to recover in this action. *Shank* v. *Woodworth*, 111 Mich. 642; *Power* v. *Brigham*, 237 Mich. 172; *Nickels* v. *Hallen*, 247 Mich. 291.

Counsel also rely upon a provision in one of the orders made in the stockholders' liability suit in which the individual creditors were enjoined from bringing suits against the stockholders to enforce

their rights. The defendant was not at that time a party to that suit, and never became such by service of process upon her. She was afterwards made a party, as were all of the other stockholders, when the receiver was ordered to enforce their liability as such. But it was dismissed as to her before this action was brought. It seems clear that the intent of the court in doing so was to permit the six creditors, who had enforceable claims against the defendant, to prosecute actions therefor. This is further evidenced by the order of the court, after this action was begun, in confirming and approving it, and to that extent only may it be treated as a *nunc pro tunc* order.

The liability of the defendant was limited to the creditors who had moneys on deposit in the bank on October 1, 1929. The entry of the order in the Cook county case discontinuing the suit there pending as to her was doubtless made to relieve the other creditors from the expense incident to the prosecution of the action brought by the receiver against her in the circuit court for the county of Allegan. The receiver discontinued the action pursuant thereto. In our opinion the plaintiffs were thereby restored to their rights as individual creditors under the constitutional provision.

The order of dismissal is reversed and set aside, with costs to the plaintiffs, and the cause remanded to the circuit court for further proceedings.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.